**ROYER, Plaintiff-Appellee, v. SHAWNEE MUTUAL INSURANCE COMPANY, Defendant-Appellant.**

Ohio Appeals, Second District, Franklin County.

No. 4395.   Decided September 27, 1950.

Hylas A. Hilliard, Columbus, for plaintiff-appellee.

Williams, Reynolds, Murray & Deeg, Gordon E. Williams, of Counsel, Columbus, for defendant-appellant.

## OPINION

By. HORNBECK, J.

This is a law appeal from a judgment of the Municipal Court for plaintiff against defendant in the amount of $547.06 and costs upon trial had to a judge of that Court.

Seven errors are assigned but one only is urged.

Plaintiff on September 8, 1948, was the owner of a 1947 club coupe Cadillac automobile and on that date through a Mr. Sidney Franklin, representative of Sanshuck Insurance Agency, Cleveland, Ohio, was issued a policy of insurance by

the defendant company covering certain personal injuries and damages to and by the automobile as specified in the policy. The term of the insurance was for 6 months on and after September 18, 1948. On that date and after the issuance of the policy the insured car was involved in an accident resulting in damages thereto for which claim was made by the insured to the defendant company and payment made covering the loss. The Cadillac named in the policy was taken to a garage for repairs which were not completed until sometime succeeding December 4, 1948.

On September 28, 1948, the plaintiff purchased another Cadillac automobile, and within thirty days thereafter notified Mr. Franklin, through whom he had placed his insurance, of his purchase and made inquiry of him if the Cadillac which he had last purchased was covered by his policy with the defendant company. In response to this notification Mr. Franklin called the Sanshuck Insurance Agency and later informed the plaintiff that the second Cadillac which he had purchased was covered by his policy with the defendant company. Subsequent to this notice, on December 4, 1948, the plaintiff was involved in another collision in which the second Cadillac which he had purchased was damaged. The first Cadillac, at all times from the time of the collision in which it was involved until after the date of the second collision, was in a garage for repairs which repairs were delayed because of inability to secure parts. Plaintiff made claim for damages to the Cadillac by reason of the second collision, which claim was refused and suit was instituted by the plaintiff upon the policy.

It is claimed by the plaintiff that the defendant company is obligated by the terms of its policy to pay to him the damages resulting from the collision in which the second Cadillac was involved. It is the claim of the defendant company that at the time of the second collision the Cadillac which was damaged was not insured. It further appears that in one of the conversations between the plaintiff and Mr. Franklin the plaintiff stated that he intended to sell the Cadillac described in the policy, but he did not sell it until after the second accident.

The question presented requires construction of the applicable provisions of paragraph 9 of the policy, headed "Automatic Insurance for Newly Acquired Automobiles" and reading:

"If the named insured who is the owner of the automobile acquires ownership of another automobile and so notifies the company within 30 days following the date of its delivery to

him, such insurance as is afforded by the policy applies also to such other automobile as of such delivery date:

"(a) if it replaces an automobile described in this policy, but only to the extent the insurance is applicable to the replaced automobile, or

"(b) * * *."

The question is further narrowed down to the meaning in bracket (a) of the language, "if it replaces an automobile described in this policy." If the second Cadillac replaced the Cadillac named in the policy then the judgment was properly entered in the trial court. It is our conclusion that under the facts appearing the second Cadillac acquired did replace the Cadillac described in the policy. We make this determination upon the language of the policy itself independent of the statement of Mr. Franklin to the plaintiff that the second automobile acquired was covered.

The term "replace" means to take the place of. The first Cadillac was insured to be used by the plaintiff for "business and pleasure." Manifestly an automobile which was inert and could not be operated and which was laid up in a garage for repairs ceases to serve the purpose of the automobile which the defendant insured. Collision insurance is of no value on such a car. The second Cadillac was acquired for and did serve the insured as an automobile for business and pleasure. In the common acceptation of the term "replace" it replaced the automobile which was named in the policy. The fact that the insured retained the title to the Cadillac named in the policy and the second Cadillac purchased does not change the application of the terms of the policy because the use to which the second car was put clearly indicates that the purpose for which the second Cadillac was employed was to replace the Cadillac named in the policy.

Counsel say to the Court that they have found no cases paralleling the facts developed in the instant appeal. We assume that this is true and have made no intensive search of the authorities. However, we do find that the situation developed here was anticipated and clarified in the language of the policy issued by the defendant insurance company in Dean v. Niagara Fire Ins. Co. (Cal.), 68 Pac. (2d) 1022. There paragraphs 2 and 3 provide:

"2. If the Company does not cover all automobiles owned by the named insured at the date of such delivery, (of the policy) the insurance shall be applicable only to such other automobile described in this policy.

"3. The insurance afforded by this policy shall automatically terminate upon the replaced automobile at the time of such delivery."

We do not have the question in this case whether or not the automobile named in the policy was insured during the period that it was replaced by the second Cadillac, but we are satisfied that the second Cadillac was covered by the policy and that the judgment for the plaintiff was properly entered.

Judgment affirmed.

MILLER, PJ, WISEMAN, J, concur.